UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br> Plaintiff, </br></br> v. </br></br> SILGAN CONTAINERS MANUFACTURING CORPORATION, </br></br> Defendant. | Civil Action No. 09-C-0853 </br></br> **COMPLAINT** </br> (Jury Trial Demand) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Richard L. Roth and other employees of defendant Silgan Containers Manufacturing Corporation who were adversely affected by such practices. As alleged with greater particularity below, Silgan violated, and continues to violate, the ADA at its facility in Oconomowoc, Wisconsin, first by denying Roth a reasonable accommodation for his disability which would have allowed him a promotion, and then by requiring applicants for Silgan employment to undergo medical examinations before making conditional job offers to them.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were, and are now being, committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. The plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with administering, interpreting, and enforcing Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, defendant Silgan Containers Manufacturing Corporation ("Silgan") has continuously been a Connecticut corporation doing business in the State of Wisconsin and the City of Oconomowoc, and has continuously had at least 15 employees.

5. At all relevant times, Silgan has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Silgan has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Richard L. Roth ("Roth") filed a charge with the EEOC alleging ADA violations by Silgan. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all relevant times, Richard L. Roth, who is missing three fingers on his left hand, has been a qualified individual with a disability, which substantially limits him in various major life activities, including (but not limited to) performing jobs that require the ability to use the fingers of one or both hands to grasp, manipulate, assemble, and perform fine motor tasks.

9. Since at least 2006, Silgan has engaged in unlawful employment practices at its facility at 520 West Second Street, Oconomowoc, Wisconsin, in continuing violation of Sections 102 and 503 of the ADA, 42 U.S.C. §§ 12112 and 12203, as follows: Since early 2007, Silgan has discriminated against Richard L. Roth by refusing to provide him with a reasonable accommodation which would have allowed him a promotion to the Lift Truck Operator-General position.

10. The effect of the practices complained of in Paragraph 9 above has been to deprive Roth of equal employment opportunities and to otherwise adversely affect his status as an employee, because of his disability.

11. The unlawful employment practices complained of in Paragraph 9 above were and are intentional.

12. The unlawful employment practices complained of in Paragraph 9 above were, and are, done with malice or with reckless indifference to the federally protected rights of Roth, who was adversely affected by such practices based on his disability.

13. Since at least 2006, Silgan also has engaged in unlawful employment practices in continuing violation of Section 102(d) of the ADA, 42 U.S.C. §§ 12112(d), by requiring applicants for Silgan employment to undergo medical examinations before making conditional job offers to them.

14. The effect of the practices complained of in Paragraph 13 above has been to deprive applicants for Silgan employment of equal employment opportunities in violation of the ADA.

15. The unlawful employment practices complained of in Paragraph 13 above were intentional.

16. The unlawful employment practices complained of in Paragraph 13 above were, and are, done with malice or with reckless indifference to the federally protected rights of applicants for Silgan employment, who were adversely affected by such practices.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Silgan and its officers, successors, and assigns, and all persons in active concert or participation with them, from limiting, segregating, or classifying any employee in any way which would deprive, or tend to deprive, that employee of employment opportunities or otherwise adversely affect his status as an employee because of his disability, and from engaging in any employment practice which discriminates on the basis of disability.

B. Grant a permanent injunction enjoining Silgan and its officers, successors, and assigns, and all persons in active concert or participation with them, from requiring applicants for Silgan employment to undergo medical examinations before it makes conditional job offers to them and to otherwise limit, segregate, or classify any applicant for Silgan employment in any way which would deprive, or tend to deprive, that applicant of employment opportunities.

C. Order Silgan to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled individuals, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Silgan to make whole Richard L. Roth by providing appropriate backpay with pre-judgment interest (in amounts to be determined at trial), rightful in-place promotion, a reasonable accommodation that will allow him to perform the essential functions of the Lift Truck Operator-General position, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Silgan to make whole Richard L. Roth by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 8 above, in amounts to be determined at trial.

F. Order Silgan to make Richard L. Roth whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 9 above, including (but not limited to) emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Silgan to pay Richard L. Roth punitive damages for its malicious and reckless conduct described in Paragraph 9 above, in amounts to be determined at trial.

H. Order Silgan to make whole any applicant who was denied Silgan employment based on a pre-offer medical examination by providing appropriate backpay with pre-judgment interest, in amounts to be determined at trial, rightful in-place reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

I. Order Silgan to make whole any applicant who was denied Silgan employment based on a pre-offer medical examination by providing compensation for past and future

pecuniary losses resulting from the unlawful employment practices described in Paragraph 13 above, in amounts to be determined at trial.

J.  Order Silgan to make whole any applicant who was denied Silgan employment based on a pre-offer medical examination by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 13 above, including (but not limited to) emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

K.  Order Silgan to pay any applicant who was denied Silgan employment based on a pre-offer medical examination punitive damages for its malicious and reckless conduct described in Paragraph 13 above, in amounts to be determined at trial.

L.  Grant such further relief as the Court deems necessary and proper in the public interest.

M.  Award the EEOC its costs of this action.

### JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

       James L. Lee
       Deputy General Counsel

       Gwendolyn Young Reams
       Associate General Counsel

       EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
       1801 L Street, N.W.
       Washington, D.C.  20507

Dated:  September 8, 2009     s/ John C. Hendrickson
       John C. Hendrickson
       Regional Attorney

Dated: September 8, 2009    s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
Chicago District Office
500 West Madison Street - Suite 2800
Chicago, IL  60661
*Telephone*:  (312) 353-7719
*E-mail*:     john.hendrickson@eeoc.gov
*E-mail*:     jean.kamp@eeoc.gov

Dated: September 8th, 2009    s/Dennis R. McBride
Dennis R. McBride
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
Milwaukee Area Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI  53203-2292
*Telephone*:  (414) 297-4188    *Fax*:  (414) 297-3146
*E-mail*:     dennis.mcbride@eeoc.gov